BREWSTER *vs.* THE STATE OF GEORGIA.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

A charge in the following words, "Before you are authorized to acquit the defendant you must be satisfied from the evidence that the defendant was justified in all that he did," is too broad, and in the absence of any explanation appearing in the record, will necessitate the grant of a new trial.

Charge of Court. Criminal law. Before Judge LESTER. Cobb Superior Court. March Term, 1879.

Brewster was indicted for an ·ssault with intent to murder, committed upon one Kolb, with a pocket-knife. The evidence showed that Kolb was an overseer of road hands and Brewster one of the hands; that the latter left work and started off, carrying with him the shovel he was working with; that Kolb told him he had not shoveled enough dirt; that defendant said he was going home, and Kolb told him to leave his shovel. An altercation followed, in the course of which defendant said something about being sick, and Kolb told him to go home and "shut his gab." Words were followed by blows; defendant used his pocket-knife, and Kolb used a rock. As to the particulars of the altercation, the evidence was somewhat conflicting. The defense urged that defendant's action was right under the circumstances. The court charged as set out in the head-note. The jury found defendant guilty. He moved for a new trial. It was refused, and he excepted.

CLAY & IRWIN, for plaintiff in error.

THOS. F. GREER, solicitor-general, for the state.

JACKSON, Justice.

The motion for a new trial rests upon two grounds: one, that the verdict is not supported by the evidence; the other, that the presiding judge erred in charging the jury as follows: "Before you are authorized to acquit the defendant you must be satisfied from the evidence that the defendant was justified in all that he did." The evidence is that defendant did many things, such as starting home, and holding on to the shovel which he took to the road to work with, and other things not illustrating the fight, which he was hardly justified in doing, and yet which this charge

required him to justify before he could be acquitted of the offense of assault with intent to. murder. We think it too broad. Besides, it reverses the rule that the state must prove guilt beyond a reasonable doubt, and requires the defendant to prove that he acted justifiably, properly, in all that he did; otherwise he could not be acquitted. Nakedly it looks like a presumption of guilt and not of innocence, and changes the burden of proof from the state to the defendant.

The record furnishes no explanation of this charge by the context or otherwise, though we suppose that there must be some explanation if the whole charge were here. Without some considerable modification of it by other parts of the charge, it is error; and as no such modification appears, we must reverse the judgment overruling the motion for a new trial, and direct that a new trial be granted.

Judgment reversed.